THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellee

v.

MANON C. DALY
Defendant-Appellant

Criminal No. 78-00057A
District Court of Guam, Appellate Division
November 21, 1979

- - - - -

- - - - -

DUENAS, District; LAURETA, District Judges; HEFNER, Designated Judge.

## OPINION

PER CURIAM:

Appellant was charged with the misdemeanor offense of presenting an obscene performance by parting her vulva with her hands while lying down on stage in violation of §28.50 of the Guam Criminal and Correctional Code [9 GCA]. Section 28.50 of the Code provides in relevant part:

A person is guilty of a misdemeanor if he knowingly or recklessly:

(h) performs an obscene act or otherwise presents obscene exhibition of his body in a public place.

The following facts were adduced at trial:

On or about February 10, 1978, at approximately 1:05 p.m., a Mr. Duran of the Department of Public Safety Vice Division had gone with an Officer Sablan to the Sandy You Club in Tamuning. After entering the club, Duran and Sablan sat at a table which was located approximately ten to fifteen feet in

front of a large, well-lit stage. Appellant was dancing nude on the stage. In response to the government's questioning, Duran testified that he observed the following:

Q. What did you observe Miss Daly do on the stage?
A. She was dancing nude, and she exposed herself.
Q. In what way?
A. Well, she was laying on the stage on her side, and she lifted one of her legs way up in the air, and with hands, she parted her labia, exposing the inner section.
Q. Did she do anything else?
A. She was gyrating her pelvis in and out.
Reporter's Transcript, pp.6-7.

Duran attempted to photograph appellant's performance. He was prevented from doing so by one of the club's waitresses, who informed him that taking pictures in the club was not permitted. Duran then placed appellant under arrest.

In this appeal, appellant contends: (1) that Guam Criminal and Correctional Code §28.45 and §28.50 are unconstitutionally vague and overbroad, and the prosecution of the appellant thereunder violated her constitutional right to due process of law; and (2) the evidence presented against appellant was insufficient to sustain a conviction because the government failed to produce any evidence of the community standards of Guam; and (3) the evidence presented was insufficient to sustain a conviction because the jury was deprived of the opportunity to consider appellant's performance as a whole in reaching its determination as to whether or not she violated Guam's obscenity law.

Upon review of appellant's contentions, we find no basis for reversal, and accordingly AFFIRM the judgment of the trial court.

I

We note first that obscenity can manifest itself in conduct as well as through means of verbal and pictorial expression, Kaplan v. California, 93 S. Ct. 2680, 2683-2684 (1973), and that States have greater power to regulate nonverbal, physical conduct than to suppress depictions or descriptions of the same behavior. Miller v. California, 93 S. Ct. 2607, 2616 n. 8 (1973), see also United States v. O'Brien, 88 S. Ct. 1673, 1679 (1968). We also recognize that the search for guidance in separating unprotected obscenity from other sexually oriented but constitutionally protected forms of expression has historically been one of the more difficult tasks of reviewing courts.[1] In Miller v. California, supra, the Supreme Court enunciated a

157

comprehensive definition of obscenity, and provided new criteria applicable to suppression of the obscene.

The constitutional standards provided in <u>Miller</u> and its attendant cases are those which are applicable to the issues raised in this appeal, and it is on this basis that we proceed in our review of appellant's contentions.

II

Appellant first makes a broad attack on Guam Criminal and Correctional Code §28.45 and §28.50, alleging that they are unconstitutionally vague and overbroad.

Section 28.45 of the Guam Criminal and Correctional Code states:

a.  Any material or performance is obscene if considered as a whole, applying contemporary community standards:

  1.  its predominant appeal is to prurient interest;
  2.  it goes substantially beyond customary limits of candor in the description or representation of nudity, sex or excrétion; and
  3.  it is utterly without redeeming social importance.

b.  In a prosection under this article, the question whether the predominant appeal of material or of a performance is to prurient interest shall be determined with reference to average adults, unless it appears from the nature of the material or performance, or from the circumstances of its dissemination, distribution, or exhibition, that it is designed for a clearly defined deviant sexual group or for children, in which case the question of predominant appeal shall be determined with reference to the intended recipient group.

c.  When circumstances of production, sale, dissemination, distribution, or publicity indicate that material or a performance is being exploited by the defendant for the sake of its prurient appeal, evidence of such circumstances is admissible in a prosecution under this article upon the upon question whether the material or performance is utterly without redeeming social importance.

d.  Neither the prosecution nor the defense shall be required to introduce expert witness testimony concerning the obscene character of the material

158

or performance which is the subject of a prosecution under this article.

Section 28.50 of the Guam Criminal and Correction Code states:

A person is guilty of misdemeanor if he knowingly or recklessly:

a. sends or brings any obscene material into this territory for sale or distribution;

b. prepares, published, prints, exhibits, distributes, or offers to distribute any obscene material;

c. possesses any obscene material with intent to distribute it is violation of this article;

d. sells advertises or disseminates material, whether or not obscene, by advertising, representing or suggesting that is is obscene;

e. presents or directs an obscene performance or participates in that portion thereof which makes it obscene; or

f. distributes or sends to, or exhibits or offers to distribute any obscene material to a minor under the age of eighteen years;

g. employs or uses a minor under the age of eighteen years to do or assist in doing any of the acts described in this section; or

h. performs an obscene act or otherwise presents an obscene exhibition of his body in public place.

In Miller, the Court stated that:

. . . we now confine the permissible scope of . . . regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed (footnote omitted). A state offense must also be limited to works which, taken as whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

The basic guidelines for the trier of fact must be: (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest, (citations omitted); (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a

159

whole, lacks serious literary, artistic, political or scientific value.

Miller v. California, supra at 2615.

Before proceeding to appellant's Miller-based contentions, we observe that the Court expressly provided that it did not adopt as a constitutional standard the "utterly without redeeming social value" test (cf. part (c) of the Miller test), incorporated in part three of the test articulated in Memoirs v. Massachusetts, 86 S. Ct. 975, 977 (1966), and provided in §28.45(a)(3) of the Guam Criminal and Correctional Code.

A year after Miller was decided, in Hamling v. United States, 94 S. Ct. 2887 (1974), the Court was presented with the question of whether its rejection of the third part of the Memoirs test and its revision in Miller indicated that the Memoirs formulation was determined to be unconstitutionally vague. Memoirs was not rejected because it was so vague as to deprive criminal defendants of adequate notice but because it represented a departure from prior definitions of obscenity[2] and because it imposed a prosecutorial burden virtually impossible to discharge, and which was not constitutionally required. The Court concluded:

> Since Miller permits the imposition of a lessor burden on the prosecution in this phase of the proof of obscenity than did Memoirs, and since the basis of an instruction concededly based on the Memoirs test, petitioners derive no benefit from the revision of that test in Miller.

Id. at 2907.

In Marks v. United States, 97 S. Ct. 990 (1977), referring to the third part of the Memoirs test the Court added that "clearly it was thought that some conduct which would have gone unpunished under Memoirs would result in conviction under Miller." Id. at 994. The petitioners in Marks were indicted for conduct occurring prior to the decision in Miller. Because of this, the Court reasoned that they were entitled to jury instructions requiring the jury to acquit unless it found that the materials involved in the charge were, in accordance with the Memoirs standard, "utterly without redeeming social value."

Because the tantamount language "utterly without redeeming social importance" is expressly a part of the Guam statute, the trial judge in the instant case was required, as was the trial judge in the instant case was required, as was the trial judge in Marks, to instruct the jury on this standard.

160

The transcript indicates that the necessary instruction was so given:

> In order to find that live conduct is obscene, each of the following elements must be proved, and there are five:
>
>    \*               \*               \*
>
> And five, it is conduct which, taken as a whole is utterly without redeeming social value or importance.
>
>    \*               \*               \*
>
> The term utterly without redeeming social value or importance, as used in these instructions, means that the alleged obscene matter must be totally devoid of any redeeming literary, scientific of artistic value or any other of social importance.
>
> The determination of whether matter is obscene is not to be made by weighing its social value or importance against its alleged prurient appeal for it is not obscene unless it is utterly without social value or importance.
>
> In determining the question of whether the alleged obscene live conduct is utterly without redeeming social importance, you may consider the circumstances of production, presentation, sale, dissemination, distribution or publicity, and particularly, whether such circumstances indicate that the live conduct was being commercially exploited by the defendant for the sake of its prurient appeal. Such evidence is probative with respect to the nature of the conduct and can justify the conclusion that the conduct is utterly without any redeeming social importance. The weight, if any, to which such evidence is entitled is a matter for you to determine.
>
> Reporter's Transcript, pp. 7, 9-10.

With receipt of the above instructions, the jury was sufficiently appraised of the more restrictive burden on the government than that required by Miller. Accordingly, we find that appellant suffered no loss by use of the "social importance" standard in §§28.45(a)(3) and 28.45(c) of the Guam Criminal and Correctional Code.

III

We now turn to appellant's contention that Guam's obscenity statute fails to comply with the specificity requirements of Miller v. California and is therefore unconstitutional on its face.

The second part (part (b)) of the Miller guidelines for the trier of fact in determining what is patently offensive is "whether

> (a) Patently offensive representation or descriptions of ultimate sexual acts normal or perverted, actual or simulated.

161

(b) Patently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

Id. at 2615.

Section 28.50 of the Guam Code provides that a person is guilty of a misdemeanor if he:

e.   presents or directs an obscene performance or participates in that portion thereof which makes it obscene; or

h.   performs an obscene act or otherwise presents an obscene exhibition of his body in a public place.

Appellant argues that the examples set forth in Miller describe sexual conduct while the Guam statute does not provide any definition or any example of what forms of sexual conduct are being regulated.

While there can be no question that Miller requires sexual conduct to be specifically defined by the applicable law, we believe that appellant misconceives the exactitude with which such specificity is to be defined. In Miller and Hamling, the Court reiterated its pronouncement in Roth v. United States, 77 S. Ct. 1304 (1957):

"Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. '...[T]he Constitution does not require impossible standards; all that is required it that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. ...' United States v. Petrillo, 332 U.S. 1, 7-8, 67 S. Ct. 1538, 1542, 91 L.Ed. 1877. These words, applied according to the proper standard for judging obscenity ...give adequate warning to conduct proscribed and mark '... boundaries sufficiently distinct for judges and juries fairly to administer the law...' Id., 332 U.S., at page 7, 67 S. Ct. at page 1542." 354 U.S., at 491-492, 77 S. Ct. at 1312 (footnote omitted).

Miller v. California, supra at 2617, n. 10.<br>Hamling v. United States, supra at 2904.

In United States v. 12 200-ft. Reels of Film, 93 S. Ct. 2665 (1973), decided the same day as Miller, the Court said:

162

. . . If and when such a "serious doubt" is raised as to the vagueness of the words "obscene," "lewd," "lascivious," "filthy," "indecent," or "immoral" as used to describe regulated material... we are prepared to construe such terms as limiting regulated material to patently offensive representations or descriptions of that specific "hard core" sexual conduct given as examples in Miller v. California, supra, 413 U.S., at 25, 93 S. Ct. at 2615.
Id. at 2670, n. 7.

The Court in Hamling reconfirmed its renunciation of a rigid standard:

. . . while the Court in Miller did refer to "specific prerequisites" which "will provide fair notice to a dealer in such materials," 413 U.S., at 27, 93 S. Ct. at 2616, the Court immediately thereafter quoted the language of the Court in Roth v. United States, 354 U.S., at 491-492, 77 S. Ct., at 1312-1313, concluding with these words:
"That there may be marginal cases in which it is difficult to determine the side of the line on which particular fact situation falls is no sufficient reason to hold the language to ambiguous to define a criminal offense..." 413 U.S., at 28 n. 10, 93 S. Ct. at 2617.
The Miller cases, important as they were in enunciating a constitutional test for obscenity to which a majority of the Court subscribed for the first time in a numbers of years, were intended neither as legislative drafting handbooks or as manuals of jury instructions...

Our reading of §28.45 and §28.50 in the light of the Court's statements in Roth, 12 200-ft. Reels and Hamling leads us to conclude that, although the language of the Guam obscenity statue is at variance with the guidelines set out verbatim in Miller, the language is sufficiently specific under Miller as to be absent of any constitutional defect.

Appellant also contends that judicial interpretation of the Guam obscenity statute to include the Miller specificity requirements does not rectify the statute's unconstitutionality. The rationale for this proposition is that the Miller Court had included in its opinion language to the effect that"... existing state statutes, as construed heretofore or hereafter, may well be adequate." Miller v. California, supra at 2615, n 6. Appellant argues that this reference to statutes "existing" at the time Miller was decided precludes judicial construction of statutes passed after the decision, and therefore Guam's statute, which had been passed approximately three years after Miller, is not capable of being "saved" by judicial construction.

163

We disagree with this inference drawn from the language cited in <u>Miller</u>. Immediately preceding the quoted sentence, the Court stated:

> We do not hold . . . that all States [3] . . . . must now enact new obscenity statutes.
> <u>Id.</u> at 2615, n 6.

It is evident that the Court felt existing state obscenity laws which were otherwise constitutionally valid would continue to be valid, either as written or construed, in the indeterminate future. We find that it would be inconsistent with notions of due process, and therefore inconceivable as in inference, to interpret the Court's meaning to be that an obscenity statute currently active in a State's law may or may not be constitutional, depending solely on whether it was enacted prior to or after the decision in <u>Miller</u>. While we acknowledge that the language of the Guam statute is in large part archaic, we do not find that it is on that basis alone unconstitutional.

## IV

In an alternative context, appellant contends that even if judicial interpretation of the Guam obscenity statute to include the specificity requirements is valid, such construction does not cure the constitutional defect as applied to appellant. This contention is premised on the proposition that the Guam statute is facially defective, a proposition with which we are not in agreement. Nevertheless, a review and disposition of whether §28.45 and §28.50 are unconstitutional as applied to the specific conduct of appellant is appropriate here.

It is notable that even appellant concedes that the Guam statute does forbid the presentation of an obscene performance (appellant's brief at p.5). The argument, however, is that the definition of obscenity under <u>Miller</u> is a completely separate requirement from the requirement of a specific definition of the sexual conduct being prohibited, and that any construction of the Guam statute to include the <u>Miller</u> specificity requirements is unconstitutional because the construction could only have been made subsequent to appellant's arrest.

The question that must first be answered is whether the phraseology "obscene act" and obscene exhibition of his (sic) body" was sufficient as notice to appellant that her conduct was proscribed. Only if it was not does the issue of statutory construction as applied to appellant's conduct become viable for review.

We find that the language of the statute provided appellant with adequate notice of the illegality of her conduct, and that therefore it is not incumbent upon us to reach the propounded issue of whether the statute was unconstitutional as construed to apply to appellant's conduct.

Section 28.50(h) of the Guam Criminal and Correctional Code, comprising the charge under which appellant was convicted, provides that a person is guilty of misdemeanor if he knowingly or recklessly:

(h) performs and obscene act or otherwise presents an obscene exhibition of his body in a public place.

In Hamling, the court stated that:

The definition of obscenity . . . is not a question of fact, but one of law; the word is not merely a generic or descriptive term, but a legal term of art. (citations omitted) . . . The legal definition of obscenity does not change with each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him. (citations omitted) . . . the various component parts of the constitutional definition of obscenity need not be alleged . . . in order to establish its sufficiency . . .

Hamling v. United States, supra at 2908.

The use of the terminology "obscene act" and "obscene exhibition" is therefore sufficiently definite in legal meaning as to have provided appellant with notice of the charge against her. Accordingly, we conclude that the language of §28.45 and §28.50, and particularly that language of §28.50(y), gave adequate notice to appellant that her conduct was within the prohibition of the statute.

V

Appellant's next contention is that the evidence presented against her at trial was insufficient to sustain a conviction in that the Government failed to produce any evidence of the community standards of Guam.

In Re Giannini, 69 Cal. 2d 653, 72 Cal. Rptr. 655, 446 P.2d 535 (1968), cited by appellant in support of her argument, is inapposite to the current state of the law regarding "contemporary community standards." Neither expert testimony on community standards, Hamling v. United States, supra at 2912-2914, nor instructions on precisely what "community" to consider, Jenkings v. Georgia, 418 U.S. 153, 157 (1974), are constitutionally required. Further the possibility that different juries might reach different conclusions as to the same material does not render a statute unconstitutional. Smith v. United States, 97 S.Ct. 1756, 1768 (1977).

Regarding the "contemporary community standards" to be applied in judging appellant's conduct, the trial judge charged the jury as follows:

The contemporary community standards referred to in these instructions is set by what is, in fact, acceptable to the community as a whole, not by what some person or persons may believe the community as a whole ought to accept. Assertment of the standards must be based upon an objective determination of what affronts · and what is unacceptable to the community as a whole.

Your own personal, social or moral views on material such as that shown in the complaint may not be considered for purposes of determining the obscenity of the material here in question. The controlling community is the entire territory of Guam.

In that regard, you may consider evidence concerning the standards of any local community in Guam for such bearing, if any, as you may determine it has upon the question of what the territory-wide standard is. The standard of any such local community may not be taken, in and of itself, to establish the territory-wide standard, thought it may be considered as some evidence of what the territory-wide standard is.

We hold that this charge to the jury was sufficient and proper, and find no merit in appellant's attack on the failure of the Government to produce evidence of the community standards of Guam.

## VI

Appellant's final contention is that the evidence presented at trial was insufficient to sustain a conviction because the jury was deprived of the opportunity to consider appellant's performance as a whole in reaching its determination as to whether or not appellant violated Guam's obscenity law.

Section 28.45(a) of the Guam Criminal and Correctional Code states:

a. Any material or performance is obscene if considered as a whole, applying contemporary community standards:
1. Its predominant appeal is to prurient interest;
2. It goes substantially beyond customary limits of candor in the description or representation of nudity, sex or excretion; and
3. It is utterly without redeeming social importance.

The Government's witness, Mr. Duran, admitted he did not see appellant's entire performance since he entered the Sandy You club after appellant had begun her dance. We also recognize that it is probable that appellant had not completed

166

her performance; the arrest by Duran in all likelihood curtailed that possibility.

From this admittedly partially-observed performance, appellant argues that it was impossible for Duran to describe appellant's entire performance to the jury and therefore, it was impossible for the jury to determine whether the performance, as a whole, was in fact obscene.

The third criterion of Section 28.45(a) is that the performance must be "utterly without redeeming social importance." We emphasize that the performance must not only have social importance to be constitutionally protected, but that the social importance must be sufficient to redeem the obscene, or unprotected part of the performance. Thus, even if appellant's performance opened with a Shakespearean recitation and climaxed with an aria from the "Barber of Seville," a jury could nevertheless have found that, notwithstanding whatever social importance was gleaned from the entire performance, it was insufficient to redeem the obscene act or exhibition.

As stated in Kois v. Wisconsin, 92 S.Ct. 2245, 2246 (1972), and cited in Miller v. California, supra at 2615:

> A quotation from Voltaire in the flyleaf of a book will not constitutionally redeem an otherwise obscene publication.

When the verdict of a jury is challenged, the general rule of applicability is that its verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 62 S.Ct. 456, 468 (1942). Based on the evidence before it, the jury could have inferred that the appellant's performance would have been obscene irrespective of its context, and returned a verdict of guilty based on that inference. Because of this, we are not inclined to disturb the verdict as rendered.

The judgment of the Superior Court is AFFIRMED.

-------

Footnotes:

1. See, for example, J. Harlan's separate opinion in Interstate Circuit, Inc. v. Dallas, 88 S. Ct. 1298 (1968), wherein he expressed that the "intractable obscenity problem" had led to "a variety of views among the members of the Court unmatched in any other course of constitutional adjudication."

2. See Roth v. United States, 77 S. Ct. 1304 (1975).

3. i.e. "all States other than Oregon." The Court cited laws enacted in Oregon and Hawaii as examples of state laws directed at depiction of specifically defined physical conduct, as opposed to expression.